### ACTION AGAINST NEWSPAPER FOR LIBEL.

Circuit Court of Ashland County.

LEWIS C. MENGERT V. THE NEWS PRINTING COMPANY.

Decided, October, 1908.

*Libel—No Name Mentioned—Evidence—Facts Printed and Termed a Crime.*

1. In an action for libel, upon a newspaper article which does not mention the plaintiff's name, it is proper to sustain an objection to a question asked of a witness as to who he understood was referred to in the publication.
2. An action for libel can not be. maintained upon a newspaper article which terms a certain transaction a larceny, where all the facts of the transaction are truthfully set out and show that it is not a larceny.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Suit was brought by Mengert charging the News Company with having printed libelous matter concerning him. Three

distinct publications, claimed to be libelous, are charged in the petition. In neither the first or second causes of action is the name of Mengert mentioned in the matter published. Whatever else may be said of the charge of the court, it was properly charged, that whether the matter relied on in either of these causes of action was libelous or not, if it was published of and concerning the plaintiff, the defendant could not be held liable unless it were shown that the publication was of and concerning him. The result of the case was a general verdict for the defendant. The motion made for a new trial in the case did not specify, as a ground of the motion, that the verdict was against the weight of the evidence, so that the trial court was not called upon, by this motion, to review the evidence, nor are we called upon to review a question not presented to the trial court. If the jury found, therefore, that the two publications set out respectively in the first and second causes of action were not published of the plaintiff, the verdict as to those two was right, because as is said in the syllabus of the case of *Sites* v. *Haverstick*, 23 O. S., 626:

"Where the jury, by their verdict 'find the issues joined in the cause' in favor of one of the parties, this is to be taken as a verdict finding each and all of the issues therein for such party.

"In such case, if the issues are such that a finding of either of them in favor of the successful party entitles him to the judgment rendered, the judgment will not be reversed for error in the instructions of the court relating exclusively to the other."

This case has been followed and approved from the time it was decided up to the present time. See *McAllister* v. *Hartzell*, 60 O. S., 69; *Todd* v. *Wick Brothers*, 36 O. S., 370, and *Beecher* v. *Dunlap*, 52 O. S., 64.

This being true, and as has already been said, we not being called upon to review the evidence, it may well be that the jury found as to these publications that they were not published of the plaintiff, and the result is that the judgment as to these causes of action must be affirmed, unless we find that the court erred to the prejudice of the plaintiff in its rulings, upon evi-

dence, on the question as to whether the publications were of and concerning the plaintiff. A careful inspection of the bill upon the ruling in this regard fails to disclose such error. It is true that Judge Brucker, and perhaps others, were asked whom they understood to be meant by these publications, and witnesses were asked who was referred to in the publications, in their opinion, and it was offered to show that several witnesses, of whom these questions were asked, would answer, that they understood and thought, from the general talk in the city of Mansfield, where the publications were made, and where the plaintiff lived, they referred to him. This evidence was excluded and we think properly excluded. Authorities on both sides of this question are cited in 25 Cyc. of Law and Procedure, at page 493, but we think the better rule is to exclude the evidence, as was done in this case.

Questions were asked of the plaintiff as to a conversation he had with the city editor of the paper published by the defendant, and it was proposed to show what was said to this city editor by those in authority on the paper. We think this was properly rejected. This evidence would be hearsay. If it was desired to show what those in authority on the paper said about it, the party to whom they said it or a party who heard it said might properly be called upon and inquired of.

Coming now to the third cause of action. There can be no doubt that this publication was made of and concerning the plaintiff, as well as others. The name Mengert appears in the publication, and the court said, on the trial, in substance, that no evidence need be introduced to show that this was meant for the plaintiff, as it showed that upon its face. The language of this publication, as charged in the petition and as shown by the evidence, reads:

"'From the above it is admitted that all of said $35,000 was not paid into the county treasury.' We herewith hand you $18,421, being the net receipts received from the proceeds of said litigation.

"Thus over their own signatures is the larceny of the taxpayers money of the county, admitted by Brucker, Mengert (meaning the plaintiff) and Douglass. The action of the State

Auditor in appointing an expert to examine the books in the
auditor's and treasurer's office is understood to be upon the
opinion of the Attorney-General, after seeing these published
statements of Brucker, Mengert (meaning the plaintiff) and
Douglass, together with the previous newspaper statements con-
cerning this unparalled larceny of the people's money.''

The petition avers that this was false and malicious, and was
published for the purpose of injuring the plaintiff in his pro-
fession as a lawyer, and says, speaking of this publication,
''meaning thereby that the plaintiff was guilty of the crime of
larceny in his profession.''   On this the court charged the jury
that unless they found that this was spoken of the plaintiff in
his profession and that damages resulted to him in his profes-
sion, because of the publication, the plaintiff could not recover
on this cause of action.

Without passing upon the question of whether, if this pub-
lication were libelous, the plaintiff could recover even though
the damages which he suffered were those not growing out of
his professional character, but resulted to him generally, we
are of the opinion that there was no prejudice to the plaintiff
in this, for the reason that the publication did not charge the
plaintiff with larceny.   It charged, in substance, that the plaint-
iff and his associates retained out of the $35,000 collected for
the county treasurer all of said sum, less $18,421.   This state-
ment was admittedly true, but the publication speaks of it as
a larceny.   This, plaintiff insists, it was not.   But whatever
it was, the exact facts were stated in this publication, and it
could not have been understood by anyone who heard it as being
other than the published fact showed it to be.   It was not a
larceny, nor did the characterization of it as such change its
character in any wise.   In *Brown* v. *Myers*, 40 O. S., 99, it is
said in the syllabus:

''An action of slander can not be maintained for words which
impute a crime where, from all that was said at the time the
words were spoken, it appears that the words had relation to a
transaction that was not criminal, and that they must have been
so understood, by the hearers.''

We find, therefore, that upon the questions presented in this record there was no error to the prejudice of the plaintiff in the charge, nor in any other part of the record.

In this holding it is not to be understood that we make any holding as to whether rulings on questions of evidence other than those to which attention is called, nor as to the charge except as attention has been called to the charge, are erroneous, but only whether the matters pointed out were erroneous rulings or errors in the charge. They were not to the prejudice of the plaintiff, and the judgment is therefore affirmed.